# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Thomas W. McNamara, | Case No. 11cv1344 BTM (WMc) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Francis Lee, et al., | |
| Defendants. | |

On September 22, Plaintiff filed his Motion for Service of Shane Kavanagh, Contegra Capital, LLC, Ira Gillum and Good Silver, Inc by Publication (Dkt. 17) (hereinafter "Section 415.50 Motion") and his Motion for Authorization To Serve Process upon the California Secretary of State for Defendant San Andrea's Insurance Agency, LLC (Dkt. 18) (hereinafter "Section 17061(c)(1) Motion"). For the reasons set forth below, this Court DENIES Plaintiff's Section 415.50 Motion without prejudice and DENIES Plaintiff's Section 17061(c)(1) Motion without prejudice. Additionally, the Court GRANTS Plaintiff a ninety (90) day extension of the time limit for service with respect to defendants Shane Kavanagh, Contegra Capital, LLC, Ira Gillum, Good Silver, Inc and San Andrea's Insurance Agency, LLC.

**Section 415.50 Motion**

The California Code of Civil Procedure permits service by publication "as a last resort." Donel Inc. v. Badalian, 87 Cal. App. 3d 327, 332 (2d Dist. 1978). "Personal service remains

the method of choice under the statutes and the constitution. . . . When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." Olvera v. Olvera, 232 Cal. App. 3d 32, 41 (4th Dist. 1991).

California Code of Civil Procedure Section 415.50(a)(1) permits service by publication only "if *upon affidavit* it appears to the satisfaction of the court in which the action is pending that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." (Emphasis added.)  In other words, Section 415.50 requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant. Harris v. Cavasso, 68 Cal. App. 3d 723, 726 (3d Dist. 1977) (holding that Section 415.50(a)(1) requires "an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the [the cause of action] appear, for the Judge to act upon before he has any jurisdiction to make the order" authorizing service by publication).

For example, in City and County of San Francisco v. Upp, No. A123528, 2011 WL 1197524 (Cal. App. 1st Dist. Mar. 30, 2011), the court affirmed a trial court order vacating a default judgment because the declaration supporting service by publication was legally insufficient. Upp concerned building code and nuisance claims brought by the City of San Francisco.  The City's declaration supporting service by publication, signed by an attorney for the City, contained a "short paragraph" stating that the defendant's property was a nuisance and that it had unsafe parapet walls. Id. at *5.  The court in Upp stated that these "conclusory" statements were "insufficient to support a cause of action," and noted that "the declaration fails to explain how it is that a deputy city attorney has personal knowledge of the condition of . . . parapet walls . . . ." Id. at 5.

In this case, the Declaration of Daniel M. Benjamin supporting the Section 415.50 Motion ("First Benjamin Declaration") makes no mention of any facts supporting the existence of a cause of action against any named defendants in this case. The memorandum of law supporting the motion includes statements regarding the amounts

Plaintiff seeks to recover from the named Defendants, but these statements are not included in an affidavit or a sworn declaration, nor is there any indication that these facts are known first-hand by Mr. Benjamin (Plaintiff's attorney).  In short, the First Benjamin Declaration is "devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against defendants." Harris v. Cavasso, 68 Cal.App.3d at 726.

Additionally, Code of Civil Procedure Section 415.50(a) states that the affidavit supporting service by publication must show that "the party to be served cannot with *reasonable diligence* be served in another manner specified in this article." (Emphasis added.)  The statutory requirements that the plaintiff exercise reasonable diligence and that he submit evidence of such diligence to the court are "required by notions of fair play and justice embodied in the concept of due process of law . . . before resorting to the fictional notice afforded by publication." Donel, Inc., 87 Cal. App. 3d at 332.  Citing the Judicial Council Comment to Section 415.50, the court in Kott v. Superior Court, 45 Cal. App. 4th 1126 (2d Dist. 1996), stated:

> The term 'reasonable diligence' takes its meaning from the former law: it denotes a *thorough, systematic investigation* and inquiry conducted in good faith by the party or his agent or attorney.  A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient.  These are likely sources of information, and consequently *must be searched before resorting to service by publication*."

Id. at 1137 (citing Cal. Judicial Council Com., 14 West's Ann. Code Civ. Proc. (1973 ed.)) (emphasis added).  In the sworn statement supporting the request for service by publication, the plaintiff must detail these necessary efforts to serve by other means.  See Sanford v. Smith, 11 Cal. App. 3d 991, 999 (1st Dist. 1970) ("A test of the sufficiency of the affidavit is whether it is so clear and certain that a charge of perjury could be sustained if its specified facts showing diligence are false.").

The First Benjamin Declaration, on its face, fails to establish reasonable diligence within the meaning of the rule.  With respect to each of the four defendants listed in the

Section 415.50 Motion, it references "internet searches" conducted by Mr. Benjamin's staff (¶¶ 7, 15 and 20), but the content of these searches is unstated and therefore the Court is unable to determine whether Plaintiff has investigated all necessary sources of information. Additionally, the First Benjamin Declaration states that Plaintiff hired a private investigator to find Shane Kavanagh, to no avail. (Id. at ¶ 4.) However, it does not list any of the steps taken by the private investigator to locate Mr. Kavanagh, nor does it include as an exhibit a sworn statement by the private investigator, and thus the Court is unable to determine whether the private investigator's efforts were sufficient to establish reasonable diligence. Cf. Kott, 45 Cal. App. 4th at 1132, 1137-38 (finding no reasonable diligence, despite submission of investigator's affidavit, where affidavit showed that investigator never followed crucial lead). Thus, aside from its failure to provide independent support for Plaintiff's cause of action against the defendants named in the Section 415.50 Motion, the First Benjamin Declaration also falls short of establishing Plaintiff's reasonable diligence with the requisite level of detail.

**Section 17061(c)(1) Motion**

California Corporations Code Section 17061(c)(1) permits service on limited liability companies by hand-delivering to the California Secretary of State a copy of the process, together with a court order authorizing such service. A court may enter an order authorizing such service "if the designated agent [for the LLC] cannot with *reasonable diligence* be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company or foreign limited liability company cannot be served with *reasonable diligence* upon the designated agent . . . ." Cal. Corp. Code § 17061(c)(1). The Court interprets "reasonable diligence" in Section 17061(c)(1) to require the same efforts to serve by other means as Cal. Code. Civ. P. § 415.50.

Plaintiff's Section 17061(c)(1) Motion seeks an order authorizing Plaintiff to serve Defendant San Andrea's Insurance Agency, LLC by personal service on the California

Secretary of State. The Declaration of Daniel M. Benjamin supporting the Section 17061(c)(1) Motion ("Second Benjamin Declaration") states that Plaintiff attempted to serve Patricia Lopez, San Andrea's registered agent for service of process, at the address registered with the California Secretary of State. (Second Benjamin Dec. ¶¶ 2-3.) It also states that Plaintiff used a research tool called "Merlin" to search for Patricia Lopez, and attempted service at a second address produced by that search. (Id. ¶¶ 6-7.) Lastly, the Second Benjamin Declaration states that "[s]taff acting under [Mr. Benjamin's] direction conducted internet searches for San Andrea's Insurance Agency, which revealed little useful information." (Id. ¶ 5.)

As with the similar statements in the First Benjamin Declaration (see First Benjamin Dec. ¶¶ 4, 7, 15 and 20), the statements that Plaintiff used an internet search tool called "Merlin" and that Mr. Benjamin's staff "conducted internet searches" are not sufficient to establish reasonable diligence where there is no explication whatsoever of the contents of those searches.

**Conclusion**

Based on the forgoing, the Court DENIES without prejudice Plaintiff's Section 415.50 Motion and DENIES without prejudice Plaintiff's Section 17061(c)(1) Motion. The Court also GRANTS Plaintiff a ninety (90) day extension of the time limit for service with respect to defendants Shane Kavanagh, Contegra Capital, LLC, Ira Gillum, Good Silver, Inc and San Andrea's Insurance Agency, LLC. See Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: October 5, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge