FILED
'12 MAR -8 AM 11: 12
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for MAK 1 Enterprises Group LLC, a Nevada limited liability company, and subsidiaries and affiliates,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>MICHAEL SHER, et al.,<br><br>Defendants. | CASE NO. 11-cv-1344 – BEN (WVG)<br><br>ORDER:<br><br>(1) GRANTING MOTION FOR SERVICE BY PUBLICATION OF DEFENDANTS CONTEGRA CAPITAL, LLC, IRA GILLUM, AND GOOD SILVER, [Doc. No. 34];<br><br>(2) GRANTING MOTION FOR SERVICE UPON SECRETARY OF STATE FOR DEFENDANT SAN ANDREA'S INSURANCE AGENCY, LLC, [Doc. No. 35]; and<br><br>(3) DENYING AS MOOT EX PARTE MOTIONS TO SHORTEN TIME, [Doc. Nos. 36, 37]. |

Plaintiff Thomas W. McNamara, as the Court-appointed receiver for MAK 1 Enterprises, filed this complaint against multiple Defendants to recover payments in connection with an alleged "Ponzi scheme." Presently before the Court are Plaintiff's motions for alternative service, seeking permission for service by publication of Defendants Contegra Capital, LLC, Ira Gillum, and Good Silver, and for service upon the Secretary of State for Defendant San Andrea's Insurance Agency, LLC. For the reasons set forth below, the Court **GRANTS** both motions. The Court also *sua sponte* grants Plaintiff an extension of time within which to effect the service of these Defendants.

## BACKGROUND

MAK 1 is a Nevada limited liability company, located in San Diego, California. (First Amended Complaint ("FAC") ¶ 5 [Doc. No. 4].) Until going into receivership, MAK 1 was controlled by Mohit Khanna. (*Id.*) The FAC alleges that from July 2007 to July 2009, MAK 1 and Khanna conducted an unregistered offering of securities and raised approximately $35 million from approximately 200 investors by promising very high "guaranteed" returns on investments in a short time frame. (*See id.* ¶ 28.) This alleged "Ponzi scheme" resulted in a net loss of approximately $14 million to $15 million to investors. (*Id.* ¶ 34.) Plaintiff commenced the present action against multiple Defendants to recover payments made to them on behalf of MAK 1 and Khanna.

The FAC names Contegra Capital, Gillum, Good Silver, and San Andrea's Insurance among Defendants. According to the FAC, Good Silver and San Andrea's Insurance received $27,531.16 and $6,774.86, respectively, in profits from the operation of the Ponzi scheme. (*Id.*, Exh. C.) The FAC alleges that Contegra Capital, as an investor who received commissions from MAK 1 and Khanna, realized a profit of $38,108.46 (based on $0.00 cash in and $38,108.46 cash out). (*Id.*) It alleges that Michael Sher and Ira Gillum, also as investors who received commissions, realized a combined profit of $38,500.19 (based on $99,968.54 cash in and $138,468.73 cash out). (*Id.*)

Plaintiff alleges that it has been unsuccessful in serving the above Defendants and requests the Court's permission for alternative service of process. The Court previously denied without prejudice Plaintiff's motions for service by publication of Defendants Shane Kavanaugh, Contegra Capital, Gillum, and Good Silver, [Doc. No. 17], and for service upon the Secretary of State for Defendant San Andrea's Insurance, [Doc. No. 18], because Plaintiff failed to adequately demonstrate that a cause of action existed against these Defendants or that it exercised "reasonable diligence" in attempting to serve these Defendants. (*See* Oct. 5, 2011 Order [Doc. No. 25].)

Plaintiff filed the present motions on November 29, 2011. The motions are supported by Declarations from Plaintiff's counsel, Daniel M. Benjamin, [Doc. Nos. 34-2, 35-2], an affidavit from Plaintiff's forensic accountant, Jeanne Goddard, [Doc. No. 34-4], and numerous exhibits demonstrating Plaintiff's efforts at attempting to serve the above Defendants. Concurrently with its motions, Plaintiff also filed *ex parte* motions to shorten time for hearings on the motions. The Court

decides the motions without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## DISCUSSION

Pursuant to Rule 4(e)(1) of Federal Rules of Civil Procedure, service upon an individual may be effected in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The same rule applies to service in any judicial district of the United States upon a corporation, partnership, or unincorporated association. *See* FED. R. CIV. P. 4(h)(1)(A). To comply with due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In this case, pursuant to Rule 4(e)(1), the Court looks to California law, the state in which the Court sits, to determine the sufficiency of the proposed service of process. California law allows for alternative service under certain circumstances. For example, California law permits service by publication if: (1) "upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner" and (2) "[a] cause of action exists against the party upon whom service is to be made." CAL. CIV. PROC. CODE § 415.50(a)(1).

With regard to service upon a limited liability company, California law provides that service may be affected by "[p]ersonal service of a copy of any process . . . [on] any individual designated by it as agent." CAL. CORP. CODE § 17061(b)(1). The Court may also permit for service to be made upon the Secretary of State where: (1) the agent for service of process "cannot with reasonable diligence be found at the address designated for personal delivery of the process," and (2) "it is shown by affidavit to the satisfaction of the court that process against a limited liability company . . . cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure." CAL. CORP. CODE § 17061(c)(1). When service upon the Secretary of State is authorized, service is effected "by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing the service." *Id.*

In this case, Plaintiff seeks to utilize both of the above-described alternative methods of service. For the reasons set forth below, the Court finds that both methods are appropriate.

I.   **Service by publication on Contegra Capital, Gillum, and Good Silver**

Plaintiff's first motion seeks permission for service by publication on Defendants Contegra Capital, Gillum, and Good Silver. As explained above, California law permits service by publication if: (1) "upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner" and (2) "[a] cause of action exists against the party upon whom service is to be made." CAL. CIV. PROC. CODE § 415.50(a)(1). Service by publication is disfavored and is permitted only "as a last resort." *See Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978) ("As required by notions of fair play and justice embodied in the concept of due process of law, [Section 415.50] require[s] an exercise of reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication."); *see also Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (1991) ("Personal service remains the method of choice under the statutes and the constitution. When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." (internal citations omitted)).

With regard to "reasonable diligence," the question is simply whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel*, 87 Cal. App. 3d at 333-34 (concluding, as a matter of law, that plaintiff failed to exercise reasonable diligence in attempting to locate defendant prior to applying to the court for permission to serve defendant by publication where plaintiff "failed to take the one step which patently appeared to hold the most promise for locating [the defendant]"—"an inquiry addressed to [the defendant's attorney]"). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (citation and internal quotation marks omitted). Accordingly, "the term 'reasonable diligence' ... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Id.* (citations and some internal quotation marks omitted). However, "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry

of relatives, ... and by investigation of appropriate city and telephone directories, voter registries, and assessor's office property indices situated near the defendant's last known location, generally are sufficient." *Id.* (citations and internal quotation marks omitted).

In this case, Plaintiff has shown the required "reasonable diligence" in attempting to serve Defendants Contegra Capital, Gillum, and Good Silver. For example, with respect to Contegra Capital, Plaintiff alleges that it attempted to serve it and its registered agent, Gillum, at the Texas address obtained from the Texas Secretary of State. (Benjamin Decl. ISO Pl. Appl. for Order Allowing Service by Publication ("First Benjamin Decl.") ¶¶ 3-5 [Doc. No. 34-2].) However, the address turned out to be invalid. (*Id.* ¶ 6.) Plaintiff also attempted to serve Gillum at the address listed on Gillum's driver's license, but was similarly unsuccessful. (*Id.* ¶¶ 7-8.) Plaintiff next unsuccessfully searched for Gillum's name using the official online White Pages directory, CorporationWiki.com, and Google.com. (*Id.* ¶¶ 9-12.) The above internet searches only revealed that Gillum was also a director and a registered agent for a company named Combex Westhem, LLC. (*Id.* ¶ 13.) Service attempts at the Texas address obtained from the Texas Secretary of State for Combex Westhem were unsuccessful. (*Id.* ¶¶ 13-16.) As for Good Silver, Plaintiff alleges that it first attempted to serve Good Silver at its last known Texas address, but was informed by its process server that the address was non-existent. (*Id.* ¶ 18.) Plaintiff next contacted the Texas Secretary of State, but was informed that there was no active or inactive listing for any entity under the name Good Silver. (*Id.* ¶ 19.) Plaintiff also conducted an online search of the Harris County Clerk's office, as well as searches using YellowPages.com, 411.com, official online White Pages directory, and CorporationWiki.com, for both "Good Silver" and "GoodSilver," without obtaining any direct matches. (*Id.* ¶¶ 20-25.) These "exhaustive attempts" to locate Defendants adequately establish Plaintiff's "reasonable diligence" in attempting to serve Defendants by other means. *See Watts*, 10 Cal. 4th at 749 n.5.

Plaintiff has also adequately demonstrated that "[a] cause of action exists" against these Defendants. *See* CAL. CIV. PROC. CODE § 415.50(a)(1). Section 415.50 requires the plaintiff to provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant. *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977). Under the California's Uniform Fraudulent Transfer Act, CAL. CIV. CODE § 3439.04(a), to establish an

individual investor's liability for profiting from a "Ponzi scheme," the Receiver must demonstrate that the amounts transferred by the Ponzi scheme perpetrator to the individual investor exceeded the initial amounts invested by that investor. *Donell v. Kowell*, 533 F.3d 762, 771 (9th Cir. 2008). The Receiver is entitled to recover profits from all of the "winning" investors in the Ponzi scheme, including the "innocent" investors who were entirely unaware of the fraud. *Id.* at 770.

In the present case, the Receiver submitted a sworn affidavit from its forensic accountant, Jeanne Goddard, who was hired to reconstruct MAK 1's bank records and investor database. (Goddard Affidavit ¶¶ 1, 3.) According to Ms. Goddard, the reconstructed database represents "a reasonable basis for the determination of investor activity and overall MAK 1 financial results for the period July 2007 through July 2009." (*Id.* ¶ 5.) Using the reconstructed database, Ms. Goddard was able to determine the amounts deposited with and received from MAK 1 pertaining to Defendants Contegra Capital, Gillum, and Good Silver. (*Id.* ¶ 11.) According to the reconstructed database, Good Silver deposited $99,968.84 with MAK 1 and received distributions of $127,500.00, resulting in a net benefit of $27,531.16. (*Id.* ¶ 12.) According to the database, MAK 1 paid $38,108.46 in referral fees/commissions to Contegra Capital. (*Id.* ¶ 14.) Finally, according to the database, MAK 1 also paid a combination of "profits" and referral fees/commissions to Gillum and Michael Sher, resulting in a net benefit to them in the amount of $38,500.19. (*Id.* ¶ 15.) Based on the foregoing, the Receiver has adequately demonstrated that these Defendants have received more from the Ponzi scheme than they have initially invested. Accordingly, the Complaint adequately states a cause of action against Defendants Contegra Capital, Gillum, and Good Silver. *See Donell*, 533 F.3d at 771.

## II. Service upon the Secretary of State for San Andrea's Insurance

Plaintiff's second motion seeks permission for service upon the California Secretary of State for Defendant San Andrea's Insurance. As explained above, with regard to service upon a limited liability company, the Court may permit for service to be made upon the Secretary of State where: (1) the agent for service of process "cannot with reasonable diligence be found at the address designated for personal delivery of the process," and (2) "it is shown by affidavit to the satisfaction of the court that process . . . cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section

415.30 of the Code of Civil Procedure." CAL. CORP. CODE § 17061(c)(1).

In this case, Plaintiff has adequately demonstrated that San Andrea's Insurance's agent for service of process "cannot with reasonable diligence be found at the address designated for personal delivery of the process." *See id.* According to Plaintiff, San Andrea's Insurance is registered with the California Secretary of State and its status is listed as "active," with its designated agent for service listed as Patricia Lopez, 7833 3rd Street, Downey, CA 90240. (Benjamin Decl. ISO Appl. for Order Allowing Service upon Secretary of State ("Second Benjamin Decl.") ¶ 2 [Doc. No. 35-2].) The same address is listed as San Andrea's Insurance's registered address. (*Id.*) Plaintiff twice attempted to serve Ms. Lopez at the above address, but was unsuccessful. (*Id.* ¶¶ 3-4.) During the second attempt, Plaintiff's process server was informed that nobody by that name resided at the address. (*Id.* ¶ 4.) The neighbors similarly informed the process server that they had never heard of a Patricia Lopez at that address. (*Id.*) Based on the foregoing, Plaintiff has adequately demonstrated that San Andrea's Insurance's registered agent for the service of process, Ms. Lopez, could not with reasonable diligence be found at the address listed with the Secretary of State. *See* CAL. CORP. CODE § 17061(c)(1).

Plaintiff has also adequately demonstrated that process cannot be served with reasonable diligence upon Ms. Lopez by hand "in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the California Code of Civil Procedure." *See* CAL. CORP. CODE § 17061(c)(1). As noted above, Plaintiff's attempts to serve Ms. Lopez at the address designated by San Andrea's Insurance with the Secretary of State were unsuccessful. Plaintiff has also shown that it conducted an exhaustive search to find a valid address for either San Andrea's Insurance or Ms. Lopez. For example, Plaintiff conducted a search using Google.com, which produced a relevant MySpace.com page, a profile page on CorporationWiki.com for San Andrea's Insurance, and Ms. Lopez's Linked-in.com website. (Second Benjamin Decl., ¶¶ 6-7.) None of these listed a different address from the one above. (*Id.*) Plaintiff also conducted a search for Patricia Lopez on Merlin, a private investigator's research tool, which produced the following mailing address: 9625 Gainford St., Downey, CA 90240. (*Id.* ¶ 8.) The address turned out to belong to Ms. Lopez's mother, who informed Plaintiff's process server that Ms. Lopez did not live at that address and would not be found there. (*Id.* ¶ 9.) Ms. Lopez's mother refused to provide any further information. (*Id.*) Based

on the foregoing, the Court is satisfied that process cannot be served with reasonable diligence upon Ms. Lopez by hand by any of the alternative ways listed in Section 17061(c)(1). *See* CAL. CIV. PROC. CODE § 415.10 (personal delivery of a copy of the summons and of the complaint); *Id.* § 415.20(a) (leaving a copy of the summons and of the complaint during usual office hours in the intended person's office, or at his or her usual mailing address, with the person who is apparently in charge thereof); *Id.* § 415.30(a) (mailing (first-class) a copy of the summons and of the complaint, together with two copies of the notice and acknowledgment provided in subdivision (b)).

## CONCLUSION

For the foregoing reasons, the Court is satisfied that Plaintiff is entitled to proceed via alternative service. Accordingly, Plaintiff's motion to serve by publication Defendants Contegra Capital, Gillum, and Good Silver is **GRANTED**. Plaintiff's motion to serve Defendant San Andrea's Insurance by serving the process upon the Secretary of State is also **GRANTED**.

The Court also *sua sponte* grants Plaintiff an extension of time within which to effect the service of these Defendants. *See* FED. R. CIV. P. 4(m). Plaintiff shall have until **April 23, 2012** to effectuate service upon the above Defendants. Plaintiff's accompanying Ex Parte Motions to Shorten Time are **DENIED AS MOOT**. [*See* Doc. Nos. 36, 37.]

**IT IS SO ORDERED.**

Date: March, 07 2012

Honorable Roger T. Benitez
United States District Judge